UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHNO GEPPERT,<br><br>          Plaintiff,<br><br>     v.<br><br>DOE 1, et al.,<br><br>          Defendants. | Case No.  23-cv-03257-SVK<br><br>**ORDER ON PLAINTIFF ROHNO GEPPERT'S MOTION TO REMAND**<br><br>Re: Dkt. No. 8 |

Before the Court is Plaintiff Rohno Geppert's motion to remand this action to state court. Dkt. 8 (the "Motion").  Defendants Does 1 and 2 oppose the Motion.  Dkt. 11 (the "Opposition").[1] Plaintiff filed a reply.  Dkt. 14.  All necessary Parties, Does 1, 2 and 3, have consented to the jurisdiction of a magistrate judge.[2] Dkts. 12-13.  After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS** the motion to remand.

**I.    BACKGROUND**

The following discussion of background facts is based on the allegations contained in Plaintiff's First Amended Complaint (Dkt. 1 at Ex. C (the "FAC")), the truth of which the Court

---

[1] In the Opposition, Defendants refer to counsel initially as "*Attorneys for Defendant,* DOE 2" and subsequently as "*Attorneys for Defendant, DOE 1*."  *See* Opposition at 1, 14.  Defendants also assert in the Opposition that Does 1 and 2 constitute a single entity. *See id.* at 6-8. Accordingly, the Court understands that both Does 1 and 2 oppose the Motion.

[2] In addition to Does 1, 2 and 3, Plaintiff also sued several other unidentified, placeholder Doe defendants.  *See* Dkt. 1 at Ex. C ¶ 14.  Such placeholder Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate judge jurisdiction.  *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

accepts for purposes of resolving the Motion. *See Bastami v. Semiconductor Components Indus., LLC*, No. 17-cv-00407-LHK, 2017 WL 1354148, at *3 n.2 (N.D. Cal. Apr. 13, 2017). As a minor child, Plaintiff was a member of the Milpitas Ward of the Church of Latter-day Saints (the "Church"), located in Milpitas, California. *See* FAC ¶¶ 2, 4; Motion at 6. In approximately 1974, when Plaintiff was 10 years old, Kenneth Jenks, a "teacher, executive secretary, librarian, and church leader" at the Milpitas Ward, sexually abused Plaintiff on Church property and during the occurrence of Church-sponsored activities. *See* FAC at Nature of Action, ¶¶ 47-50.

On November 9, 2022, Plaintiff commenced an action against 10 Doe defendants[3] in the Superior Court of California for the County of Santa Clara, seeking recovery for claims of negligence and intentional infliction of emotional distress in connection with the abuse he suffered. *See* Dkt. 1 at Ex. A ¶¶ 62-79. Defendants Does 1, 2 and 3 are three entities incorporated in Utah that operate and control the Milpitas Ward of the Church. *See* FAC ¶¶ 4, 6-8. The remaining Doe defendants are individuals or entities whose identities are not yet known to Plaintiff, but who are "negligent or in some other manner liable or responsible for" the abuse he suffered as a minor. *Id.* ¶ 14.

Plaintiff filed the FAC on December 7, 2022. *See* Dkt. 1 ¶ 2. Defendant Doe 2 was served with the FAC on May 30, 2023, and subsequently removed the state-court action to this Court on June 29, 2023, based on diversity jurisdiction. *See id.* ¶¶ 5-24. Plaintiff then filed the Motion on July 27, 2023, seeking remand of this action to state court. *See* Motion.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal district court where the district court would have original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). However, where a district court lacks subject-matter jurisdiction over an

---

[3]   Throughout the FAC, Plaintiff references totals of both 10 Doe defendants and 100 Doe defendants. *Compare, e.g.*, FAC ¶ 14 (10 Doe defendants), *with id.* ¶ 2 (100 Doe defendants). The total number of Doe defendants is not relevant to resolution of the Motion. Because the case caption in the FAC references a total of 10 Doe defendants, the Court understands there to be a total of 10 Doe defendants.

action, the action must be remanded.  *See* 28 U.S.C. §1447(c).  Further, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

### III.  DISCUSSION

Plaintiff offers only one affirmative argument in favor of remand.  Specifically, he asserts that because Doe 3 is a citizen of California, and the state-court action was filed in California, removal on the basis of diversity jurisdiction is improper.[4]  *See* Motion at 7-8; *see also* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  Defendants Does 1 and 2 counter that the removal statute requires the Court to disregard Doe 3's citizenship, because Doe 3 is a fictitiously named defendant.  *See* Opposition at 13-14; *see also* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").  On this specific point, Defendants are correct.

The removal statute obligates the Court to disregard "the citizenship of defendants sued under fictitious names."  28 U.S.C. § 1441(b)(1).  Applying a strict construction of the statute, as the Court must (*see Moore-Thomas*, 553 F.3d at 1244), the Court disregards the citizenship of Defendant Doe 3, because Plaintiff sued Defendant Doe 3 under a fictitious name.  *See, e.g.*, *Reynolds v. Ezricare LLC*, No. 23-cv-01632-JSC, 2023 WL 5022271, at *2-3 (N.D. Cal. July 26, 2023) (applying removal statute as "a bright-line rule" requiring disregarding citizenship of fictitiously named defendants); *Valdez v. Home Depot U.S.A., Inc.*, No. 22-cv-01491-DMR, 2022

---

[4]  In the Motion, Plaintiff insists that "DOE 3 is a California corporation and has its principal place of business in San Jose, California."  Motion at 8.  However, in both the FAC and Plaintiff's initial complaint, Plaintiff alleges that Defendant Doe 3 is "a foreign religious corporation, incorporated in the state of Utah that was registered to conduct business in the State of California."  *See* FAC ¶ 8; Dkt. 1 at Ex. A ¶ 8.  As explained below, this action must be remanded regardless of the states where Doe 3 is incorporated and has its principal place of business.  Accordingly, the Court expresses no view as to whether Doe 3 is properly viewed as a citizen of Utah or California.

WL 4137691, at *2-4 (N.D. Cal. Aug. 25, 2022) (declining to consider citizenship of Doe defendant "unless and until [plaintiff] seeks leave to substitute [Doe defendant] as a <u>named</u> defendant" (emphasis added)).[5] Thus, Plaintiff's assertion that Defendant Doe 3 is a citizen of the state in which the state-court action was filed (*i.e.*, California) does not, by itself, compel remand.

Plaintiff responds that (1) Doe 3 is not a fictitious defendant, (2) Defendants know Doe 3 is not a fictitious defendant and (3) California law requires him to identify Doe 3 using a fictitious name. *See* Motion at 8-9. Specifically, because Plaintiff was 40 years old or older at the time he commenced the state action, the California Code of Civil Procedure compelled him to preliminarily identify Defendants using the Doe designation "until [after he makes] a showing of corroborative fact as to the charging allegations against" Defendants, even though Plaintiff knows the actual identities of Defendants Does 1, 2 and 3. *See* Cal. Civ. Proc. Code §§ 340.1(f), (*l*). But these facts are irrelevant—the removal statute <u>obligates</u> the Court to disregard Defendant Doe 3's citizenship regardless of whether Doe 3 is actually fictitious or whether state law mandates use of the Doe designation. Plaintiff cites no authority, and the Court is not aware of any, supporting the proposition that the California Code of Civil Procedure overrides fundamental principles of diversity jurisdiction and removal as codified in the removal statute.

However, the Court's application of the removal statute does not stop with its consideration of Defendant Doe 3, as Defendant Doe 3 is not the only fictitiously named defendant in this action—all 10 defendants are fictitiously named. Accordingly, strict application of the removal statute requires the Court to <u>disregard the citizenship of all 10 Doe defendants</u>. That presents the Court with the rare scenario in which a sole plaintiff is a citizen of one state, and every single defendant (for purposes of assessing removal based on diversity jurisdiction) is effectively a citizen of no state. Under such circumstances, the Court lacks diversity jurisdiction.

Diversity jurisdiction exists only where opposing parties possess diverse citizenship. *See*

---

[5] A split exists among the federal district courts of California concerning whether the removal statute's provision requiring disregarding the citizenship of fictitiously named defendants should be strictly applied. *See Valdez*, 2022 WL 4137691, at *3 (describing split). This Court agrees with the persuasive reasoning of the Honorable Donna M. Ryu in *Valdez* and applies the removal statute strictly. *See id.* at *2-4.

28 U.S.C. § 1332(a); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." (citation omitted)). It does not exist where one party possesses citizenship, and all opposing parties possess no citizenship. *See, e.g.*, *La. Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056-57 (9th Cir. 2016) (no diversity jurisdiction where defendant possesses "'stateless' status"); *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) (no diversity jurisdiction where defendant "is not a citizen of any particular state for diversity purposes"); *Motu Novu, LLC v. Percival*, No. 16-cv-06545-SBA, 2018 WL 3069316, at *7 (N.D. Cal. May 7, 2018) ("Defendant is a 'stateless' person for purposes of the diversity statute. He is therefore not subject to federal diversity jurisdiction." (citations omitted)).

The decision of the court in *Batista v. Doe Driver I*, No. 22-cv-01021-APG, 2022 WL 4329793 (D. Nev. Sept. 19, 2022), is instructive. There, the court analyzed whether a state-court action involving a single plaintiff, Doe defendants and no named defendants, would have been removable based on diversity jurisdiction at the time it was commenced. *See id.* at *1. After disregarding the citizenship of the Doe defendants pursuant to the removal statute, the court concluded that it would have lacked diversity jurisdiction:

> Although the citizenship of Doe defendants does not destroy diversity for removability, neither does it presumptively create it. . . . [Defendant] does not point to any authority for the proposition that diversity exists where only fictitious defendants are named.

*Id.* (citation omitted); *see also Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) ("In the federal courts 'John Doe' casts no magical spell on a complaint otherwise lacking in diversity jurisdiction."). For the same reasons, this Court lacks diversity jurisdiction and must remand the action to state court.

/ / /

/ / /

IV. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion and **REMANDS** this action to the Superior Court of California for the County of Santa Clara.

**SO ORDERED.**

Dated: September 7, 2023

                                                  SUSAN VAN KEULEN
                                                  United States Magistrate Judge